WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Joana Sanchez-Coptino,<br><br>    Defendant. | No. CR 17-284-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Second Motion for Order Reducing Sentence or Modifying Judgment under 18 U.S.C. § 3582 (C)(1)(A)(i) and Authorizing Any Remaining Portion Sentence to Be Served on Home Confinement (Due to Changed Circumstances) (Doc. 101) filed by Defendant Joana Sanchez-Coptino ("Sanchez-Coptino"). The Caption of the Motion states "No Objection."

*Background*

Sanchez-Coptino pleaded guilty pursuant to a plea agreement to one count, Importation of Methamphetamine, of a four count indictment. This offense involved approximately 20 kilograms of methamphetamine concealed in a vehicle driven by Sanchez-Coptino. The plea agreement provided for a sentencing range of 97 to121 months imprisonment, which included a government sponsored downward departure from the advisory guideline range of 188 to 235 months. The plea agreement allowed defense counsel to request a variance from the guideline range. The Court found Sanchez-Coptino's age and conduct pre-trial (Sanchez-Coptino absconded but then turned herself in), Sanchez-Coptino's status as a mother of two young

children), the requirement to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense and to avoid unwarranted sentencing disparities supported a variance. Sanchez-Coptino was sentenced to a 36 month term of imprisonment to be followed by three years of supervised release.

Sanchez-Coptino seeks compassionate release, primarily based on the threat of a COVID-19 reinfection to Sanchez-Coptino's daughter. Sanchez-Coptino has incorporated her prior pleadings. Sanchez-Coptino has served more than half of her good-time sentence and is expected to be released to a residential re-entry center in less than three months.

The government has filed a Response to the Defendant's Second Motion for Order Reducing Sentence or Modifying Judgment under 18 U.S.C. § 3582 (Doc. 105). The government has no objection to Sanchez-Coptino's request.

*First Step Act*

In enacting the First Step Act, the U.S. Congress amended 18 U.S.C. § 3582(c)(1)(A) to "improv[e] application of compassionate release." 164 Cong. Rec. H10346, H10362 (Dec. 20, 2018). Indeed, section 603(b) of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). The statute provides that a sentence may be reduced for "extraordinary and compelling reasons[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Further, a defendant may now move for compassionate release where he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf . . . [or where there has been a] "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Additionally, district courts are granted broad discretion in determining whether to grant relief. *US v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020), *citation omitted*.

The statute clearly imposes an administrative exhaustion requirement before seeking

review by a district court. As another court summarized:

> The amended statute allows a defendant to file a motion for compassionate release upon the earlier of two dates. First, a defendant can file a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." *Id*. Second, a defendant can file a motion upon "the lapse of 30 days from the receipt of [a defendant's request to bring a motion] by the warden of the defendant's facility." *Id*. Courts have recognized these two options impose a mandatory requirement that a defendant submit a request to the warden of her facility before filing in court. *See, e.g., United States v. Solis*, No. CR 16-015-CG-MU, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019) (denying request because defendant did not request compassionate release from Bureau of Prisons); *United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019).

*United States v. Weidenhamer*, No. CR1601072001PHXROS, 2019 WL 6050264, at *1 (D. Ariz. Nov. 8, 2019).

Sanchez-Coptino "bears the burden of showing that [she] exhausted [her] administrative rights with the BOP before filing [her] compassionate-release motion. *United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020), *citations omitted*. In an Order addressing a previous request for compassionate release, the Court found Sanchez-Coptino had exhausted her claims as to her three requests to the Warden.

In her Second Motion for Order Reducing Sentence or Modifying Judgment under 18 U.S.C. § 3582 (C)(1)(A)(i) and Authorizing Any Remaining Portion Sentence to Be Served on Home Confinement (Due to Changed Circumstances), Sanchez-Coptino requests compassionate release based on changed circumstances. Her motion includes multiple changes circumstances (closer to time of release to a residential re-entry center, increasing reinfections of COVID-19, rising infection rates of COVID-19, and new variants of COVID-19) as a basis for compassionate release. Sanchez-Coptino has not shown that she has exhausted her administrative remedies as to these claims. By their very nature, these changed circumstances did not exist at the time Sanchez-Coptino requested compassionate release from the Warden and filed her first request with this Court for compassionate release. In other words, Sanchez-Coptino cannot show she has exhausted the administrative remedies. Under these circumstances, the Court finds Sanchez-Coptino has failed to meet her burden

1 to show she has exhausted her administrative remedies. The Court finds Sanchez-Coptino
2 is not entitled to compassionate release pursuant to the First Step Act.
3     Accordingly, IT IS ORDERED the Second Motion for Order Reducing Sentence or
4 Modifying Judgment under 18 U.S.C. § 3582 (C)(1)(A)(i) and Authorizing Any Remaining
5 Portion Sentence to Be Served on Home Confinement (Due to Changed Circumstances)
6 (Doc. 101) is DENIED.
7     DATED this 10th day of March, 2021.

_____
Cindy K. Jorgenson
United States District Judge